**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION FILE NO.: 1:21-cv-111**

EVANSTON INSURANCE COMPANY, )
 )
     Plaintiff, )
v. )
 )
VAPOR WORLD, LLC, )
and DAVID M. STEPHENS, )
 )
     Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Evanston Insurance Company ("Evanston") states as follows for its Complaint for Declaratory Judgment against Vapor World, LLC ("Vapor World") and David M. Stephens ("Stephens"):

### NATURE OF THE ACTION

1. This is an insurance coverage action arising out of a personal injury lawsuit brought by Stephens against Vapor World, which asserts that Stephens sustained bodily injuries when an allegedly defective battery sold by Vapor World exploded in his pants pocket (the "Stephens lawsuit").

2. The insurance policy Evanston issued to Vapor World does not provide coverage for (1) claims of bodily injury arising out of products sold by Vapor World and (2) bodily injury that does not arise out of the "ownership, maintenance, or use of" a designated premises.

3. Evanston agreed to provide a defense to Vapor World for the Stephens lawsuit under a complete reservation of rights to limit or deny coverage.

4. Evanston now brings this action to obtain a declaration that it has no obligation to defend or indemnify Vapor World because the damages alleged in the Stephens lawsuit are excluded from coverage.

## THE PARTIES

5. Evanston is an Illinois corporation with its principal place of business in Illinois.

6. Vapor World is a North Carolina limited liability company organized under North Carolina law, with its principal place of business in Asheville, North Carolina.

7. Stephens is a resident of Buncombe County, North Carolina. As a plaintiff in the underlying lawsuit at issue, Stephens has an interest in the outcome of this lawsuit. Evanston seeks no affirmative relief from Stephens other than to bind him to the outcome of this insurance coverage dispute.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 2201 because it presents an actual controversy seeking a declaration of rights regarding duties and obligations under the insurance policy Evanston issued to Vapor World.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this district.

## FACTUAL BACKGROUND

**I.     Evanston Has No Duty to Defend or Indemnify Vapor World Because the Alleged Injury Arises from the Sale of Products, which Are Not Covered.**

11.     On April 29, 2020, Stephens filed his complaint in the Superior Court of Buncombe County, North Carolina, captioned *David M. Stephens v. Vapor World, LLC, et al.*, case number 20-CVS-01509. A true and correct copy of the complaint in the Stephens lawsuit is attached as Exhibit A.

12.     In the complaint, Stephens alleges that he purchased a "18650 Li-ion cell" (the "battery") from Vapor World for use in a personal e-cigarette vaporizing device.

13.     Stephens describes Vapor World as a "seller" under North Carolina products liability law, N.C.G.S. § 99B-1(4).

14.     Stephens further alleges that he charged the battery on October 18, 2017.

15.     According to Stephens, on October 18, 2017, after removing the battery from the charger, he placed it in his pants pocket.

16.     Stephens further alleges that "a couple of minutes after" Stephens placed the battery in his pants pocket, it spontaneously discharged/exploded due to a malfunction.

17.     According to Stephens, on information and belief, the battery short-circuited while it was in his pants pocket.

18.     Stephens alleges that as a result of the battery explosion, he suffered painful and severe burns to his body, including to his right leg and right hand.

19.     Stephens contends that Vapor World is liable to him for the following reasons:

   a.   Negligently producing, designing, manufacturing, testing, advertising, inspecting, distributing and otherwise introducing into the stream of commerce a product unsuitable for the ordinary uses for which it was intended;

   b.   Breach of an express warranty because the battery was not fit for the ordinary purposes for which it was intended;

3

c.  Breach of an implied warranty of merchantability because the battery was defective and not of merchantable quality, and Vapor World failed to warn him of the battery's dangerous propensities;

20.  Stephens also alleges that Vapor World's acts and omissions were willful, wanton, and reckless, entitling him to punitive damages.

## II.  Evanston Has No Duty to Defend or Indemnify Vapor World Because the Bodily Injury Occurred Off-Premises.

21.  On January 2, 2021, Stephens served his "First Supplemental Response to Defendant, Vapor World, LLC's, First Set of Interrogatories and Request for Production of Documents" in the Stephens lawsuit.  A true and correct copy of the First Supplemental Response is attached as Exhibit B.

22.  Interrogatory No. 14 asked:  "Please describe in full detail how and where the alleged Incident happened, giving all events in detail in the order in which they occurred, before, at the time of, and after the Incident, which had any bearing on the cause and manner of the happening of the Incident."

23.  Stephens responded to Interrogatory No. 14 as follows:  "[t]he incident occurred at Plaintiff's bedroom in his home at 24 Ellie Jane Lane, Weaverville, North Carolina 28787."

24.  The damages sought in the Stephens lawsuit are for injuries that occurred away from premises owned or rented by Vapor World.

## III.  The Evanston Policy Does Not Include Coverage for Products.

25.  Evanston issued commercial general liability insurance policy number 3EM7821 to Vapor World for the policy period August 26, 2017 to August 26, 2018 (the "Policy").

26. The Policy's Schedule of Limits of Insurance includes a $1,000,000 Each Occurrence limit, a $2,000,000 General Aggregate limit (other than Products/Completed Operations), but it does not include coverage for Products/Completed Operations:

| LIMITS OF INSURANCE | | |
|---|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $2,000,000 | |
| Products/Completed Operations Aggregate Limit | $Excluded | |
| Personal and Advertising Injury Limit | $1,000,000 | Any One Person or Organization |
| Each Occurrence Limit | $1,000,000 | |
| Damage to Premises Rented to You Limit | $100,000 | Any One Premises |
| Medical Expense Limit | $5,000 | Any One Person |

27. The Policy's Insuring Agreement provides that Evanston has no duty to defend or indemnify Vapor World against any suit seeking damages for bodily injury to which the Policy does not apply:

## SECTION I - COVERAGES

## COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

## COUNT I
## DECLARATORY JUDGMENT
**(Evanston Has No Duty to Defend or Indemnify Vapor World Because the Policy Does Not Cover Products-Completed Operations)**

28. Evanston incorporates all preceding paragraphs as if fully restated in Count I.

29. The Policy's Declarations Page expressly indicates that Products/Completed Operations is "Excluded," and no limits of insurance are provided for Products/Completed Operations.

30. The Policy also contains an Endorsement entitled "Exclusion—Products—Completed Operations Hazard" (Form No. CG 21 04 11 85) (the "Products exclusion").

31. The Products exclusion precludes coverage for bodily injury arising from products sold by Vapor World.

32. The Products exclusion expressly provides:

> This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard".

33. The Policy defines the "products-completed operations hazard," in relevant part, as follows:

> **16.** "Products-completed operations hazard":
>
> **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
>
> **(1)** Products that are still in your physical possession; or
>
> **(2)** Work that has not yet been completed or abandoned….

34. The Policy defines "your product," in relevant part, as follows:

> **21.** "Your product":
>
> **a.** Means:
>
> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>
> **(a)** You;
>
> \*   \*   \*

> **b.**  Includes:
>
>> **(1)**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>>
>> **(2)**  The providing of or failure to provide warnings or instructions.

35.   The Stephens lawsuit alleges that Stephens sustained injuries when the battery purchased from Vapor World exploded in his pocket.

36.   The battery constitutes "your product" as defined by the Policy because it is a good or product "sold, handled, distributed or disposed of by" Vapor World.

37.   The Stephens lawsuit further alleges that the battery was defective and that Vapor World failed to provide warnings or instructions relative to the use of the battery, which are encompassed within the definition of "your product" and fall under the "products-completed operations hazard."

38.   In addition, the battery exploded after Stephens charged the battery and when Stephens was off of the premises of Vapor World.

39.   Therefore, Evanston has no duty to defend or indemnify Vapor World relative to the Stephens lawsuit because Stephens's alleged injuries involve Products, which are not covered.

**COUNT II**
**DECLARATORY JUDGMENT**
**(Evanston Has No Duty to Defend or Indemnify Vapor World Because any Injuries Did Not Arise Out of the Ownership, Maintenance, or Use of Designated Premises)**

40.   Evanston incorporates all preceding paragraphs as if fully restated in Count II.

41.   The Policy contains an endorsement entitled "Designated Premises or Project Limitation" (Form No. MEGL 0217 05 16) (the "Premises endorsement").

7

42. The Premises endorsement limits coverage to "bodily injury," "property damage," "personal and advertising injury" and medical expenses arising out of the "ownership, maintenance or use of" one specified Designated Premises.

43. The Premises endorsement expressly provides:

### DESIGNATED PREMISES OR PROJECT LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE FORM

### SCHEDULE

| |
|---|
| **Designated Premises:** |
| **Designated Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the Designated Premises shown in the Schedule of this endorsement or in the Declarations; or

2. The Designated Project shown in the Schedule of this endorsement or in the Declarations.

44. The Policy's Declarations Page lists one premises that Vapor World owns, rents or occupies: 640 Merrimon Ave., Ste 108, Asheville, North Carolina, 28804:

| ALL PREMISES YOU OWN, RENT OR OCCUPY | |
|---|---|
| Loc. No. | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
| 1 | 640 Merrimon Ave, Ste 108  Asheville NC 28804 |

45. The Stephens lawsuit does not allege where the battery was sold to Stephens.

46. In addition, the injuries took place away from any Designated Premises.

47.     Further, the Stephens lawsuit does not allege that any injuries arose from the "ownership, maintenance or use of" any Designated Premises.

48.     Evanston has no duty to defend or indemnify Vapor World relative to the Stephens lawsuit because Stephens' injuries did not arise out of the ownership, maintenance, or use of a Designated Premises.

**COUNT III**
**DECLARATORY JUDGMENT**
**(Evanston Has No Duty to Indemnify Vapor World for Punitive Damages)**

49.     The Evanston Policy excludes coverage for "[f]ines, penalties, and punitive or exemplary damages, or any expenses or obligation to share such damages or repay another…."

50.     The Stephens lawsuit seeks punitive damages.

51.     Evanston has no duty to indemnity Vapor World for punitive damages or any other relief excluded from coverage based on the above exclusion.

**WHEREFORE**, Evanston prays that this Court:

a.      Find and declare that the injuries alleged in the Stephens lawsuit arise out of the "products-completed operations hazard," which is not covered under the Policy;

b.      Find any declare that the alleged injuries in the Stephens lawsuit did not arise out of the ownership, maintenance, or use of a Designated Premises;

c.      Find and declare that Evanston has no duty to defend Vapor World in the Stephens lawsuit;

d.      Find and declare that Evanston has no duty to indemnify Vapor World in the Stephens lawsuit;

e.      Find and declare that Evanston has no duty to indemnify Vapor World for punitive damages, or any other relief not covered by the Policy;

f.    Grant Evanston reimbursement of any defense costs incurred in relation to the Stephens lawsuit; and

g.    Award Evanston such other and further relief that the Court deems just and proper.

Dated: April 21, 2021.           Respectfully submitted,

EVANSTON INSURANCE COMPANY

By:   /s/ Jennifer A. Welch
Jennifer Addleton Welch
CRANFILL SUMNER LLP
5420 Wade Park Boulevard, #300
Raleigh, NC 27607
T: (919) 828-5100
jwelch@cshlaw.com

COUNSEL TO FILE FOR PRO HAC VICE
ADMISSION

Jodi S. Green
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
626 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
T: (213) 402-1248
jgreen@nicolaidesllp.com

Kaitlin A. Kontyko
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
626 Wilshire Boulevard, Suite 1000
Los Angeles, CA 90017
T: (213) 441-0783
kkontyko@nicolaidesllp.com